**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE 2706 Black Lake Place Philadelphia, PA 19154 | : : : : : | |
| and | : : | |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND 2791 Southampton Road – Suite 1 Philadelphia, PA 19154 | : : : : : : | |
| and | : : | Case No. |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICES & TRAINING FUND 2791 Southampton Road – Suite 1 Philadelphia, PA 19154 | : : : : : : | |
| and | : : : | |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND 2791 Southampton Road – Suite 1 Philadelphia, PA 19154 | : : : : : : | |
| and | : : | |
| TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND 2791 Southampton Road – Suite 1 Philadelphia, PA 19154 | : : : : : : | |
| and | : : | |
| TRUSTEES OF BRICKLAYER & TROWEL TRADES INTERNATIONAL PENSION FUND | : : | |

1

620 F Street, N.W., Suite 700                    :
Washington, D.C.  20004                          :
                                                 :
                        Plaintiffs               :
                                                 :
            v.                                   :
                                                 :
TORRADO CONSTRUCTION CO., INC.                   :
3311-13 East Thompson Street                     :
Philadelphia, PA 19134                           :
                                                 :
and                                              :
                                                 :
LUIS TORRADO, Individually & As President of     :
TORRADO CONSTRUCTION CO., INC.                   :
3311-13 East Thompson Street                     :
Philadelphia, PA 19134                           :
                                                 :
                        Defendants.              :

## COMPLAINT

## PARTIES

1.      Plaintiffs Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1")

is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C.

§ 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and

an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its

principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2.      Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1

of PA/DE Health and Welfare, Joint Apprentice and Training, Annuity, Vacation, and Pension

Funds (collectively "Local Trust Funds"); and the Board of the Trustees of the Bricklayer and

Trowel Trades International Pension Fund ("International Trust Fund") are multiemployer benefit

plans as that term is defines in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37).

2

The Local Trust Funds and International Trust Funds are established and maintained according to the provisions of Agreements and Declarations of Trust, and are provided for in the Collective Bargaining Agreement between the Bricklayers and Allied Craftworkers Local 1 of PA/DE and the Defendants.

3.      The Local Trust Funds are administered by the Trustees of the Local 1 Health & Welfare and Annuity Funds, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154; the Trustees of the Local 1 of PA/DE Joint Apprentice and Training Fund, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154; and the Trustees of Bricklayers and Allied Craftworkers Local 1 Pension Fund, 2791 Southampton Road – Suite 1, Philadelphia, PA 19154. The International Trust Fund is administered by the Trustees of the Bricklayer and Trowel Trades International Pension Fund, 620 F Street, N.W., Suite 700, Washington, D.C. 20004.

4.      Defendant Torrado Construction Co., Inc. ("Torrado Construction") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal places of business located at 3311-13 East Thompson Street, Philadelphia, PA 19134. Torrado Construction is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Torrado Construction is also an employer within the meaning of § 3(5) of ERISA 29 U.S.C. § 1002(5) and within the meaning of § 515 of ERISA, 29 U.S.C. § 1145.

5.      Defendant Luis Torrado is an adult citizen residing in the Commonwealth of Pennsylvania. This Complaint is brought against Luis Torrado in his individual capacity as well as in his capacity as President of Torrado Construction.  Upon information and belief, it is alleged that Luis Torrado exercises control and discretion over the payroll of Torrado Construction Co., Inc., including any and all decisions regarding the collection and disbursement of any payroll

deductions required under the collective bargaining agreement ("CBA"), Trust Documents, or as authorized by the employees of Torrado Construction.  As such, Luis Torrado is a fiduciary to the BAC Local 1, Local Benefit Funds, and International Funds as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## JURISDICTION AND VENUE

6.    This Court has jurisdiction of this action under Sections 202, 502, and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§ 1104, 1109, 1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This is an action to enforce Defendants' contractual obligation to submit benefit payments and dues deductions pursuant to its Collective Bargaining Agreement ("CBA"), and to enjoin the  violations of the terms of the Bricklayers and Allied Craftworkers Local 1 of PA/DE funds.

7.    Plaintiffs also invoke the jurisdiction of the Court for its state law claims under §1367 of the U.S. Code, which provides a District Court with supplemental jurisdiction over all claims that form part of the same case or controversy over which the Court has original jurisdiction. 28 U.S.C. § 1367(a).

8.    Venue in the United States District Court for the Eastern District of Pennsylvania is proper pursuant to § 301(c) of the LMRA, 29 U.S.C. § 185(c), and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) since the Plaintiffs reside and maintain their administrative offices in the Eastern District of Pennsylvania.

## FACTS

9.    At all relevant times, Defendant Torrado Construction has been a party to a CBA requiring the payment of health and welfare, pension, annuity, and apprenticeship benefits, union

dues, building fund contributions and PAC contributions to BAC-1 and the Local and International Trust Funds.

10.     The Employer, through its President, Luis Torrado, executed a CBA with the Bricklayers and Allied Craftworkers Local 1 of PA/DE establishing the terms and conditions of employment for those covered craftworkers employed by Criniti Construction.

11.     Pursuant to its CBA, Torrado Construction agreed to pay to BAC-1, the Local Trust Funds and the International Trust Funds certain sums of money for each hour worked by all employees of Defendant covered by the CBA.

12.     The CBA provides that upon signing:

> The Employer agrees to contribute to jointly administered benefit funds including, as more fully set forth herein . . . and in each part of this Agreement applicable to a particular craft, such contributions as are required under this Agreement. Contributions shall be remitted and received at the Fund Office (Local and International), along with Employer Contribution Reports, not later than the 15th day of the month following the month in which the work was performed. Employer agrees to pay by electronic remittance and/or ACH debit transfer. Title to all monies paid into and/or due and owing to the Funds . . . shall vest in and remain exclusively in the Trustees of the Funds, respectively.

13.     The CBA provides that when an employer fails to make their contributions on time:

> [T]he Employer shall be assessed and required to pay interest at the rate of 12% per annum plus liquidated damages in the amount of 10 % of the principal amount due. In the event that delinquent contributions are referred to an attorney for collection, the Employer shall also be assessed and required to pay all attorney's fees and costs of collection.

14.     The International Trust Fund's documents and policies provide that delinquent employers shall be assessed and required to pay interest at the rate of 15% per annum, plus liquidated

damages equal to 20% of the principal amount due.

15.     The CBA also provides:

> Contributions required under this Agreement shall become assets of each Fund as of the date on which they are earned and the Employer agrees that such contributions are held exclusively in trust for the applicable Fund as of the date on which they are due and owing to the Funds.

16.     Delinquencies are defined in the CBA as:

> . . . includ[ing] wages and principal contributions owed under a collective bargaining agreement, interest, penalties, costs and attorney's fees which become due under the terms of the collective bargaining agreement, the benefit plan trust documents, plan documents, and delinquency policies, and as otherwise required by law.

17.     The CBA provides that the Board of Trustees, or their authorized agents, have the right, at any reasonable time, to examine any and/or all records of the Defendant employer to establish that all payments required under the terms of the CBA have been paid to the respective Funds.

18.     Through the CBA, Torrado Construction is also bound to the Agreements and Declarations of BAC-1 Trusts (hereafter "Trust Agreements"), and the Statement of Policy for Collection of Delinquent Contributions (hereafter "Statement of Policy") of BAC-1 and the Local and International Trust Funds.  The Trust Agreements provide that all employers who become party to the CBA and Trust Agreements agree to be bound by the decisions of the Trustees on contribution delinquencies.

19.     The Trust Agreements state that if an employer is delinquent paying its contributions to the Benefits Plans, the Plans may seek personal liability against the individual owner(s) or principal(s) of the company.  For example, the Health and Welfare Plan states that:

> In any action to recover, compel and enforce the payment of contributions as set forth in Section 7.2, the Trustees shall have the authority and right to seek personal liability against an owner, principal or officer of an Employer for breach of fiduciary duties with

respect to the disposition of such contributions as assets of the Fund.

20.     The Statement of Policy adopted by the Local Funds' Trustees provides that interest and liquidated damages are assessed on delinquent contribution amounts. Thus, the Statement of Policy establishes that:

> Interest owed by a delinquent employer shall be calculated from the Due Date for the delinquent Contributions, at the rate specified in the collective bargaining agreement.  If there is no such rate specified, the rate shall be 12% per annum of the principle amount due . . . Liquidated damages shall be calculated from the Due Date and shall become due and owing on the 20th day of the month in which the contributions are due.  The amount of the liquidated damages shall be a flat 10% of the delinquent contributions or $10.00, whichever is greater . . . Attorney's fees shall be assessed against a delinquent employer . . . [and] [a]ll costs actually incurred in court actions for collection of delinquent Contributions or to enforce the Trustee's [sic] right to audit the employer's payroll records shall be assessed against the delinquent employer, including, but not limited to, filing fees for service of process, transcript costs, copying charges, postage, and such other costs as would otherwise be charged to the Board of Trustees.

21.     The CBA and the Statement of Policy for collection of delinquent contributions under which Defendants are bound further provides that all costs incurred in Court actions for collection of delinquent contributions shall be assessed against Defendants.

22.     Between January 1, 2015 and September 30, 2016, members of BAC-1 performed work for Defendants Torrado Construction and Luis Torrado.

23.     Defendants Torrado Construction and Luis Torrado failed to remit contributions to BAC-1, the Locals Funds, and the International Funds as prescribed by the CBA.

24.     An audit revealed that Torrado Construction Co., Inc. and Luis Torrado owe BAC-1, the Local Funds, and the International Funds $80,535.42 - an amount which includes $61,608.99 in unpaid principal contributions, $7,292.73 in interest, $9,637.70 in liquidated damages, and $1,999 in audits costs.

## COUNT ONE

### BREACH OF CONTRACT UNDER SECTION 301
### OF THE LABOR MANAGEMENT RELATIONS ACT
### AGAINST TORRADO CONSTRUCTION CO., INC.
### AND LUIS TORRADO

25.     Plaintiffs hereby incorporate by reference paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     Torrado Construction, through its owner and officer of the business, Luis Torrado, executed a CBA with the BAC Local 1 establishing the terms and conditions of employment for the tile layers, setters and finishers employed by Torrado Construction.

27.     Pursuant to its CBA, Torrado Construction agreed to pay to BAC Local 1, the Local Benefit Funds and International Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

28.     Torrado Construction and Luis Torrado breached the terms of the CBA when they failed to remit a total of $80,538.42 in principal contributions, interest, liquidated damages, and audit costs to BAC Local 1, the Local Benefit Funds, and the International Benefit Funds.

### COUNT TWO

### BREACH OF CONTRACT AND BREACH OF
### STATUTORY OBLIGATIONS UNDER SECTION 515
### OF ERISA 29 U.S.C. § 1145 AGAINST
### TORRADO CONSTRUCTION, INC. AND LUIS TORRADO

29.     Plaintiffs hereby incorporate by reference paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30.     Defendants' failure to pay outstanding contributions and interest as required under the terms of the CBA, Agreement and Declaration of Trust between the Bricklayers & Allied Craftworkers Local 1 of PA/DE and the employer and the Statement of Policy for Collection of

Delinquent Contributions of the Bricklayers & Allied Craftworkers Local 1 of PA/DE and related Fringe Benefit Funds and, thus, Defendants, jointly and severally, are in breach of their statutory obligations under Section 515 of ERISA, 29 U.S.C. § 1145.

31.     Defendants' failure to remit deducted dues and assessments and to pay reported and unreported contributions and failure to fully comply with the terms of the CBA constitute a willful breach of Defendants' responsibilities to their employees who perform work pursuant to the terms of the Collective Bargaining Agreement and violates § 515 of ERISA, 29 U.S.C. § 1145.

## COUNT THREE

### BREACH OF CONTRACT UNDER § 301 OF LMRA AND BREACH OF FIDUCIARY DUTIES UNDER ERISA AS AGAINST LUIS TORRADO IN HIS INDIVIDUAL CAPACITY

32.     Plaintiffs hereby incorporate by reference paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33.     This Court has jurisdiction of this action under sections 404, 409, 502 and 515 of ERISA of 1974, 29 U.S.C. Sections 1104, 1109, 1132 and 1145. This is an action to collect delinquent contributions from Luis Torrado, a fiduciary of his employees' unpaid benefit contributions.

34.     The CBA between the Plaintiff Union and Torrado Construction  requires fringe benefit contributions to the Plaintiff Funds to be paid for each hour worked for an  employee by the fifteenth (15th) day of the month after the month in which the work was performed.

35.     Defendant  Luis  Torrado  determined  if,  and  what,  amount  of  Torrado Construction's  monthly contributions to pay and retained a portion or all of the employer's deductions and payment that should have been  sent to the Plaintiffs' Funds on behalf of his

employees. Luis Torrado chose to use the monies due the Plaintiffs' Funds for other purposes. Thus, he exercised authority and control over benefit plan assets and is thus a fiduciary as defined by ERISA. 29 U.S.C. § 1002(21).

36.     At all relevant times herein, Defendant Luis Torrado served as the President of Torrado Construction, and directed the corporation's financial operation and oversaw all other business activities of the corporation including, but not limited to, preparing, reviewing, authorizing payment and submitting the monthly reports and contributions to the Plaintiff Trust Funds. In this capacity, Defendant Luis Torrado exercised control over the disposition of money that became a Plan asset immediately upon the performance of work by Defendant Torrado Construction' employees. Accordingly, Defendant Luis Torrado has at all times herein acted as an employer as defined in Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2), and in § 3(5) of ERISA, 29 U.S.C. § l002(5) and as a fiduciary as that term is defined in § 3(21)(A)(i) and (iii) and § 515 of ERISA, 29 U.S.C. § l002(21)(A)(i) and (iii) and § 1145.

37.     Under ERISA, a fiduciary is required to "discharge his duties with respect to a Plan solely in the interest of the Participants and beneficiaries […] for the exclusive purpose of […] providing benefits to [them]." 29 U.S.C. § 1104(a)(1).

38.     When Luis Torrado willfully and intentionally converted Trust Fund assets held in the accounts of Torrado Construction for purposes other than the exclusive purpose of providing benefits to the Trust Fund Participants and beneficiaries, he breached his fiduciary duty to the Plans.

39.     Under ERISA, "any person who is a fiduciary with respect to the Plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such Plan any losses to the Plan resulting from each

10

such breach, and to restore to the Plan any profits of such fiduciary which have been made through the use of assets of the Plan by the fiduciary […]" 29 U.S.C. § 1109(a).

40.     Pursuant to the Declarations of Trust, Luis Torrado is personally obligated to the BAC Local 1, Local Funds, and International Funds for interest at the rates of 12% (Local Funds) and 15% (International Funds) per annum and liquidated damages equal to 10% (Local Funds) and 20% (International Funds) of the principal amount due, and interest pursuant to 29 U.S.C. § 1113(g) from the date of delinquency through the date of payment of audit fees and and attorney's fees and costs.

41.     Through his wrongful conduct, Defendant Luis Torrado is personally liable for the amounts owed Plaintiffs, plus interest, liquidated damages, audit costs and attorney's fees owed the Funds as set forth herein.

## COUNT FOUR

### COMMON LAW CONVERSION AS AGAINST LUIS TORRADO IN HIS INDIVIDUAL AND CORPORATE CAPACITY

42.     Plaintiffs hereby incorporate by reference paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     At all relevant times herein, Defendant Luis Torrado exercised full control over the assets of Defendant Torrado Construction, including writing checks on the accounts of the Corporation and otherwise controlling the distribution of the Corporation's liquid assets.

44.     Luis Torrado failed and refused to deliver the earned principal contributions and the payroll dues and assessments deducted from his employees' individual paychecks to the Plaintiffs in a timely manner as required by the terms of the CBA and the Funds' Trust

11

Documents. Luis Torrado deprived Plaintiffs of the possession and use of the contractually mandated payroll deductions and employee benefit contributions to which Plaintiffs were lawfully entitled. Luis Torrado wrongfully converted these funds to his own use and/or the use of Defendant Torrado Construction, without the consent of Plaintiffs and without any legal justification whatsoever.

WHEREFORE, based on the facts set forth above, BAC Local 1, the Local Funds and the International Funds request judgment as follows:

Defendants, Torrado Construction and Luis Torrado are, jointly and severally, liable for the following amounts found that result from Torrado Construction's failure to pay reported benefit payments due for work performed in the months of July 1, 2015 through September 30, 2016:

    A.    For $61,608.99 in delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

    B.    For $7,292.73 in interest on the delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

    C.    For $9,637.70 in liquidated damages on the delinquent principal contributions to BAC Local 1, the Local Benefit Funds and the International Benefit Funds.

    D.    For 1,999.00 in audit costs.

For a total amount of $80,538.42, plus interest and liquidated damages that continue to accrue, plus attorneys' fees and costs of suit, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATE: <u>July 24, 2017</u>

**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street, Suite 515
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996
E-mail RCurley@odonoghuelaw.com

By:     <u>s/ Robert P. Curley</u>
         Robert P. Curley
         Attorney I.D. No. 55760

13